# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

**ARTHUR RAY ROBINSON**            **CIVIL ACTION NO. 5:16-CV-00678**
     **LA. DOC #425796**

**VS.**           **SECTION P**

          **JUDGE ELIZABETH E. FOOTE**

**JERRY GOODWIN**           **MAGISTRATE JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

*Pro se* petitioner Arthur Ray Robinson, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 10, 2016. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On September 15, 1997, petitioner was convicted, by jury, of two counts of second degree kidnapping. [Rec. Doc. 1, p.1] On May 24, 1999, he was adjudicated a fourth felony offender. [*See* Rec. Doc. 1-2, p. 21] He was sentenced on February 29, 2000, on Count 1 to fifteen (15) years at hard labor, two (2) years to be served without benefit of parole, probation or suspension of sentence and as to Count 2, he was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. *Id.* (Petitioner was sentenced as a fourth offender on Count 2 only.) *Id.*

Petitioner appealed his sentence in the Second Circuit Court of Appeal. On February 28,

2001, that Court affirmed the conviction and sentence as to Count 2, but REVERSED the sentence and conviction as to Count 1. *State of Louisiana v. Robinson*, 34,383 (La. App. 2 Cir. 2/28/01), 780 So.3d 1213. He sought writs in the Louisiana Supreme Court, which were denied on March 28, 2002. *State v. Robinson*, 2001-1313 (La. 3/28/02), 812 So.2d 642. He did not apply for certiorari in the United States Supreme Court. [Doc. 1, p. 4, ¶9(h).] Accordingly, the judgment became final on June 26, 2002.

On August 31, 2010[1], Petitioner filed a Motion to Correct Illegal Sentence, arguing that the habitual offender law did not permit him to be imprisoned "at hard labor." *See State v. Robinson*, 46,330 (La. App. 2 Cir. 2/18/11), 54 So.3d 1292, 1293. The Trial Court denied petitioner's motion and he subsequently sought supervisory review in the Second Circuit Court of Appeal, which denied his request for same on February 18, 2011. *Id.* On March 2, 2012, the Louisiana Supreme Court denied his application for supervisory and/or remedial writs. *State ex rel. Arthur Ray Robinson v. State of Louisiana*, 2011-0668 (La. 3/2/12), 83 So.3d 1041.

In 2015, Petitioner filed several post-conviction motions: "Motion in Request for the District Court to Comply with the Appellate Court in the Second Circuit Court of Appeal Order to Reverse Defendant's Case Back, that Has Not Been Complied to on Case Docket Number 34,383-KA 2/28/2001," on July 6, 2015; "Application for Writ of Mandamus, Injunctive or Declaratory Relief," on September 11, 2015; and "A Status Check on the Motion from the Second Circuit Court of Appeal to Reverse Petitioner Back to Court in the Year of 2001," on September 11, 2015. [*See* Rec.

---

[1]Petitioner did not allege the date he filed this motion. However, in the Second Circuit's Opinion affirming the the trial court's denial of same, the date of filing is stated as August 31, 2010. *State v. Robinson*, 46,330 (La. App. 2 Cir. 2/18/11), 54 So.3d 1292, 1293. In the absence of evidence to the contrary, it will be presumed that the application was filed on August 31, 2010.

Doc. 1-2, pp. 3-4.] The Trial Court denied all motions on October 27, 2015. *Id.* Petitioner's application for writ of review was assigned Docket Number 60692-KH by the Second Circuit Court of Appeals and denied on December 10, 2015. [Rec. Doc. 1-2, pp. 5-6.] Thereafter, he filed an application for writs in the Louisiana Supreme Court. It was assigned Docket Number 16-KH-0265 and denied as untimely on March 14, 2016. [Rec. Doc. 1-2, pp.7-8.]

The instant petition was filed on May 10, 2016.

### *Law and Analysis*

#### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v.*

---

[2] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

*Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

    Petitioner sought writs in the Louisiana Supreme Court, which were denied on March 28, 2002.  *State v. Robinson*, 2001-1313 (La. 3/28/02), 812 So.2d 642.  He did not apply for certiorari in the United States Supreme Court. [Doc. 1, p. 4, ¶9(h).]  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], ninety days following Louisiana Supreme Court's March 28, 2002 ruling, or, on or about June 26, 2002.  Under §2244(d)(1) petitioner had one year from that date, or until June 26, 2003, to file his federal *habeas* petition.

    He was not able to toll limitations, because by the time he filed his "Motion to Correct an Illegal Sentence," which this Court will liberally construe as an application for post-conviction relief, on August 31, 2010, the limitations period had already expired and could not be revived by the otherwise timely filing of his application. *See Villegas,* 184 F.3d 467.

**3. Equitable Tolling**

    The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158

4

F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, petitioner has alleged no circumstances to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 26, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE